## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

| | | |
|---|---|---|
| S.Y., | ) | |
| Plaintiff, | ) | **THIRD AMENDED COMPLAINT** |
| | ) | |
| vs. | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| SHIVPARVTI, LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

## THIRD AMENDED COMPLAINT[1]

Plaintiff S.Y., by and through her undersigned attorneys, hereby files this Complaint against Defendant SHIVPARVTI, LLC ("Defendant Shivparvti "), and alleges as follows:

## INTRODUCTION

1.      This action for damages is brought by the Plaintiff, S.Y., a survivor of sex trafficking, under the federal William Wilberforce Trafficking Victims Protection Reauthorization Act of 2008 (hereinafter "TVPRA"),  as well as other Florida state laws as identified herein.

2.      Defendant Shivparvti is a hotel owner, operator, manager, supervisor, controller and/or entity otherwise responsible for hotels at which sex trafficking has taken place, including the Sunrise Motel where Plaintiff S.Y. was trafficked, and at all material times, Defendant Shivparvti was doing business as the Sunrise Motel.

---

[1] This Third Amended Complaint is being filed based upon the Order of the Honorable Judge John E. Steele entered on August 5, 2020 in the matter of S.Y. v. Naples Hotel Company,  et al,  2:20-cv-00118-JES-MRM, pp. 13-14, 17.

3.     Human sex trafficking is prevalent at hotels and motels throughout the United States and globally due to many factors, including but not limited to, ease of access for buyers, the ability to pay in cash (non-traceability), the ability to maintain anonymity, privacy and discretion.

4.     At all material times, Defendant Shivparvti had knowledge of the prevalence of sexual trafficking at hotels and motels throughout the United States and globally, including the factors identified in the preceding paragraphs, yet Defendant Shivparvti failed to prevent and/or take steps to prevent this horrific criminal conduct from occurring at its hotels, including the Sunrise Motel, so that it could continue earning a profit at the expense of human life, human rights, and human dignity.

5.     As part of its knowledge of sex trafficking, Defendant Shivparvti knew or should have known that sex traffickers, or 'pimps', use threats, violence, manipulation, lies, debt bondage, and other forms of coercion to compel adults and children to engage in commercial sex acts against their will at these hotels and motels.

6.     Plaintiff S.Y.'s sex traffickers, or 'pimps', chose the Sunrise Motel as a  venue to conduct their sex trafficking activities.

7.     The passage of the TVPRA in 2008 (hereinafter "TVPRA"), as well as countless other legislative initiatives, put Defendant Shivparvti on notice of the high likelihood of these illegal acts occurring on its hotel premises, including the premises of the Sunrise Motel, which, at a minimum, warranted it to be all the more vigilant and proactive in preventing this conduct.

8.     Defendant Shivparvti, who, at all material  times, was the owner, operator, manager and/or controller of the Sunrise Motel, knew or should have known, based on a combination of well-documented indicators, that sex trafficking and other criminal activity was occurring, and would continue to occur, at the Sunrise Motel as a result of its misfeasance and nonfeasance.

9.     At all material times, Defendant Shivparvti, individually and/or by its actual or apparent agents, operators, servants, and/or employees, aided, concealed, confined, benefitted and profited from sex trafficking and other criminal activity that was occurring at the Sunrise Motel, including as to Plaintiff S.Y.

10.    At all material times, Defendant Shivparvti, individually and/or by its actual or apparent agents, operators, servants, and/or employees, harbored human traffickers at the Sunrise Motel and/or failed to rectify the foreseeable risks of sex trafficking and other criminal activity that were occurring and would continue to occur at the Sunrise Motel.

11.    At all material times, Defendant Shivparvti, individually and/or by its actual  or apparent agents, operators, servants, and/or employees, failed to take steps to prevent dangerous conditions from existing at the Sunrise Motel, failed to ensure the Sunrise Motel was safe and secure from criminal conduct and failed to report suspicious conduct, such as human sex trafficking, at the Sunrise Motel.

12.    As a result of Defendant Shivparvti's failure to act and its negligent operations as outlined in the Complaint, Defendant Shivparvti allowed the Sunrise Motel to be a vehicle for carrying out human trafficking, sex crimes and/or other unlawful conduct.

13.    While Defendant Shivparvti profited from the room occupancy at the Sunrise Motel, which included rental fees, increased property value, food and beverage sales on site and/or ATM fees, Plaintiff S.Y. was being exposed to continuous and repeated dangerous conditions at the Sunrise Motel as a sex slave that resulted in her confinement, bodily injuries, emotional distress, mental harm and anguish from approximately 2014 and continuing through approximately February of 2016.

14.     Before and during this period from 2014 to 2016, Defendant Shivparvti was on notice of the prevalence of sex trafficking at the Sunrise Motel as well as at similarly situated hotels within Naples, Florida, and Defendant Shivparvti failed to take adequate steps that would have prevented its occurrence.

15.     Before and during this period from 2014 to 2016, Defendant Shivparvti failed to implement sufficient educational and training programs on sex trafficking within its corporate chain of command, as well as failed to implement policies for preventing, identifying, reporting, documenting, investigating, and stopping sex trafficking at the Sunrise Motel.

16.     Before  and during this period from 2014 to 2016, Defendant Shivparvti knew or should have known that Plaintiff S.Y. was being trafficked at the Sunrise Motel and Defendant Shivparvti failed to act upon the obvious signs alerting it to the crimes taking place at the Sunrise Motel.

17.     Plaintiff S.Y. brings this action for damages against Defendant Shivparvti in violation of the TVPRA, because it knowingly benefited from a venture that it knew, or should have known, to be engaging in sex trafficking in violation of 18 U.S.C. § 1591(a) and (b), and who enabled, harbored, facilitated or financially benefited, or any combination of the foregoing, from a sex trafficking venture in which Plaintiff S.Y. was trafficked for sex, sexually exploited, and victimized in violation of the TVPRA.

18.     As a direct and proximate result of Defendant Shivparvti's willful blindness, negligence, facilitation, misfeasance, nonfeasance and/or consistent refusals to prevent human trafficking at the Sunrise Motel, the Plaintiff S.Y. was drugged, starved, choked, beaten, sex trafficked, sexually exploited, physically abused, mentally abused, and victimized repeatedly at the Sunrise Motel and other hotels, in violation of the aforementioned statutes as well as Florida state law.

19.    This action is also for violation of Florida's RICO laws, premises liability, negligent hiring, supervision and retention, negligent rescue, and aiding and abetting underlying wrongdoing.

## JURISDICTION AND VENUE

20.    This Honorable Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because this action arises under the Constitution, laws, or treaties of the United States and this Court has supplemental jurisdiction over Plaintiff's claims that do not arise under federal law because each claim is "so related to claims in the action within [this Court's] original jurisdiction that they form part of the same controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).

21.    Venue is proper in this district pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims asserted in this action occurred in the judicial district where this action was brought.

## PARTIES

22.    At all times material to this complaint, Plaintiff S.Y. was a resident of Collier County, Florida.

23.    Plaintiff S.Y. is a "victim" of sex trafficking as protected under applicable provisions of the TVPRA.

24.    Plaintiff  S.Y. was sex trafficked at the Sunrise Motel located at 2486 Tamiami Trail E, Naples, Florida 34112 between 2014 and 2016.

25.    Defendant Shivparvti is a Florida limited liability company with a principal address located at 3115 Tamiami Trail East, Naples, Florida 34122 and is owned by managing members and AAOHA regional directors, Yogesh Patel and Bharti Patel.

26.     At all times material to this complaint, Defendant Shivparvti was doing business as the Sunrise Motel and was authorized to do, licensed to do, and doing business in the State of Florida offering the Sunrise Motel as a place of public lodging.

27.     At all times material to this complaint, Defendant Shivparvti was, by and through its agents, servants, and/or employees, the owner, operator, manager, supervisor, controller and innkeeper of a hotel, namely the Sunrise Motel located at 2486 Tamiami Trail E, Naples, Florida 34112.

## SEX TRAFFICKING UNDER FEDERAL LAW

28.     Sex trafficking is defined by the TVPRA under 22 U.S.C. § 7102, as "the recruitment, harboring, transportation, provision, obtaining, patronizing, or soliciting of a person for the purposes of a commercial sex act and in which the commercial sex act is induced by force, fraud, or coercion or in which the person induced to perform such act has not attained 18 years of age." This definition combines the three elements of sex trafficking as a criminal offense: the act, the means, and the purpose.

29.     Sex trafficking ventures are prohibited by federal criminal law. Sex trafficking is slavery for the *purpose* of commercial sex, a lens on the already existing crimes prohibited by 18 U.S.C. § 1589 and §1590.  The crime of slavery can be divided into two elements: the act and the means. The *act* is the "harboring, transporting, providing, or obtaining," of forced labor, codified as a violation of 18 U.S.C. §1590, while the *means* is labor "obtained or provided by force, fraud or coercion" and is codified as a violation of 18 U.S.C. §1589.

30.     Thus, while the complete definition of 'sex trafficking' is found in the TVPRA under 22 U.S.C. § 7102, and it is specifically prohibited under 18 U.S.C. §1591, it is nevertheless a long-recognized and familiar atrocity.

31.     Pursuant to 18 U.S.C. §1591(a) and (b), all who knowingly provide *or* obtain commercial sex that was provided or obtained through force, fraud, and coercion *or* from a person under the

age of 18 years old are guilty of sex trafficking.  This includes, at a minimum, **_both_** the 'traffickers' who recruit, harbor, transport, and provide individuals for forced commercial sex work **_and_** the 'Johns' or 'buyers' who obtain, solicit, or patronize forced commercial sex work.

## STATEMENT OF FACTS

### Defendant's Duty of Care to Patrons

32.     Chapter 509 of the Florida Statutes imposes legal responsibilities upon hotels, like those owned and operated by Defendant Shivparvti herein, to take action to protect people. In Florida, hotels are "innkeepers" and owe patrons a special duty of care.

33.     The Sunrise Motel is a public lodging establishment pursuant to Chapter 509 of the Florida Statutes.

34.     At all relevant times, Defendant Shivparvti owned, operated, managed, supervised, controlled and/or was otherwise responsible for the Sunrise Motel for the purpose of making a profit.

35.     The premises of the Sunrise Motel includes a common space and private rooms as well as a parking lot that abuts to a sidewalk and/or land, and, at all material times, Defendant Shivparvti had possession, custody, or control of these common spaces, private rooms, parking lots and any sidewalk and/or land abutting thereto as it applies to its business of providing public lodging at the Sunrise Motel.[2]

36.     The Sunrise Motel abuts to pathways, parking lots and/or driveways, and Defendant Shivparvti was or should have been aware that these neighboring parking lots, pathways and/or other driveways were being used by its hotel patrons to traverse to and from the Sunrise Motel,

---

[2] If customers or clients are invited to use a convenient parking lot then the business owner may be liable for injuries they sustain on that lot even if it is not technically within the business' property line. *See Gutierrez v. Dade County School Bd.*, 604 So. 2d 852, 77 Ed. Law Rep. 1052 (Fla. 3d DCA 1992).

thereby expanding the zone where Defendant Shivparvti were to have prevented foreseeable risks of injury to the Plaintiff S.Y.[3]

37.     Aside from its special duty to patrons and guests at the Sunrise Motel, such as Plaintiff S.Y., at all material times, Defendant Shivparvti had one of the highest obligations to protect its guests from known or anticipated dangers, which includes sex trafficking and illegal enterprises.

38.     At all relevant times, Defendant Shivparvti was aware of and/or should have been aware of its role and responsibility in human sex trafficking.

### Defendant Shivparvti's Knowledge of The Prevalence of Sex Trafficking at Hotels and Its Participation in the Sex Trafficking Industry

39.     Defendant Shivparvti, as owner, operator, manager, supervisor, controller and/or entity otherwise responsible for hotels, including the Sunrise Motel, has long profited from the reputations of hotels, including the Sunrise Motel, as havens of privacy and discretion for the offending, including the criminals that trafficked Plaintiff S.Y.

40.     At all  material times, Defendant Shivparvti, as owner, operator, manager, supervisor, controller and/or entity otherwise responsible for hotels, including the Sunrise Motel, knew or should have known that its hotels, including the Sunrise Motel, offered anonymity and non-traceability, making it ideal venues for crime, drugs and sex trafficking in particular.

41.     At all  material times, Defendant Shivparvti, as owner, operator, manager, supervisor, controller and/or entity otherwise responsible for hotels, including the Sunrise Motel, knew or should have known that hotels are the top-reported venue where sex trafficking acts occur and that traffickers were using its hotels, including the  Sunrise Motel, as hubs for their sexual trafficking operations.

---

[3] *Borda v. East Coast Entertainment, Inc.*, 950 So. 2d 488 (Fla. 4th DCA 2007).

42.    At all  material times, Defendant Shivparvti, as owner, operator, manager, supervisor, controller and/or entity otherwise responsible for hotels, including the Sunrise Motel, knew or should have known that traffickers were harboring, raping and assaulting victims at its hotels, including the Sunrise Motel, and were forcing it to engage in "in call" services, wherein buyers ("Johns") would come to the hotels solely to purchase sex from these victims, as well as "out call" services, wherein the buyer would rent a hotel room and the trafficker would deliver the victim to the buyer's room to complete the sordid transaction.

43.    At all material times, Defendant Shivparvti, individually and/or by and through its actual or apparent agents, servants, and/or employees, witnessed manifestations of sex trafficking and commercial exploitation taking place at its hotels, including the Sunrise Motel, through various indicators that traffickers and their victims exhibit during their stay at its hotels, including the Sunrise Motel.

44.    At all material times, Defendant Shivparvti was on notice of repeated incidences of sex trafficking occurring on its hotel premises, including the Sunrise Motel, yet it failed to take the necessary actions to prevent sex trafficking from taking place.

45.    At all material times, Defendant Shivparvti knew or should have known that pimps and sex traffickers used its hotels, including the Sunrise Motel, to facilitate the trafficking of women for sex.

46.    Defendant Shivparvti had the ability and the greatest reach to prevent, identify and thwart sexual exploitation at its hotels, including the Sunrise Motel.

47.    Multiple statutes and initiatives starting in 1997, have informed, mandated, called for, and suggested hotel owners, operators, managers,  supervisors, controllers and/or staff, including

Defendant Shivparvti, to implement effective safeguards to mitigate the risk that human trafficking will occur at its hotel premises and/or or involve its personnel.

48.    Prior to  the trafficking of Plaintiff S.Y., voluminous data, step-by-step solutions and well-researched manuals published by anti-trafficking groups were available to Defendant Shivparvti, individually and/or through its actual or apparent agents, servants, employees and/or staff in every position, to help it identify the signs of human sex trafficking and stop it.

49.    At all material times, Defendant Shivparvti had a legally imposed duty to ensure that its hotel properties, including the Sunrise Motel, had taken all appropriate measures to prevent sex trafficking, and/or to timely implement reasonable policies, training, education and security measures to prevent sex trafficking.

50.    At all material times, the agents and/or employees of Defendant Shivparvti were uniquely situated to identify and report suspicious activity on its hotel properties, including the Sunrise Motel, because from check-in to check-out there were numerous indicators that the traffickers and the adults and children who were being victimized by sex trafficking exhibited during their stay at its hotels, including the Sunrise Motel.

51.    Had Defendant Shivparvti properly trained its agents and/or employees and/or implemented an anti-human trafficking protocol throughout its hotels and/or provided other reasonable security measures, it could have prevented the trafficking of persons on its hotel properties, including the Sunrise Motel.

52.    Signs of sex trafficking at a hotel, and signs which were occurring at Defendant Shivparvti's hotels,  including the Sunrise Motel,  include, but are not limited to, the following: an excess of condoms in rooms, individuals carrying or flashing large amounts of cash, renting two rooms next door to each other, declining housekeeping service for several consecutive days,

significant foot traffic in and out of rooms, men traveling with multiple unrelated women, guests checking in with little or no luggage, hotel guests who prevent another individual from speaking for themselves, or a guest controlling another's identification documents.

53.     Defendant Shivparvti, individually and by and through its actual or apparent agents, servants, employees and/or staff, was aware of and/or should have been aware of a number of warning signs at its hotels, including the  Sunrise Motel, that indicated the presence of human trafficking, including but not limited to:

    a.   persons showing signs of malnourishment, poor hygiene, fatigue, sleep deprivation, untreated illness, injuries, and/or unusual behavior;

    b.   persons lacking freedom of movement or being constantly monitored;

    c.   persons having no control over or possession of money or ID;

    d.   persons dressing inappropriately for their age or having lower quality clothing compared to others in their party;

    e.   persons requesting room or housekeeping services (additional towels, new linens, etc.), but denying hotel staff entry into the room;

    f.   the presence of multiple computers, cell phones, pagers, credit card swipers, or other technology in the room;

    g.   persons extending stay with few or no personal possessions in the room;

    h.   excessive amounts of sex paraphernalia in rooms (condoms, lubricant, lotion);

    i.   the same person reserving multiple rooms;

    j.   a room being rented hourly, less than a day, or for an atypical extended stay;

    k.   attempts  of persons to sell items to or beg from patrons or staff;

    l.   cars in the parking lot regularly parked backward, so the license plates are not visible;

    m.   loitering and solicitation of male patrons;

n.  individuals waiting at a table or bar and then being picked up by a male (trafficker or customer);

o.  persons asking staff or patrons for food or money; and

p.  persons taking cash or receipts left on tables.

54.  Had Defendant Shivparvti educated and/or trained its actual or apparent agents, servants, employees and/or staff regarding human trafficking and their warning signs, its actual or apparent agents, servants, employees and/or staff would have more aware of human trafficking taking place at its hotels, including the Sunrise Motel, and could have, at best, prevented it from happening or, at worst, been more willing to report it when it happened.

55.  Defendant Shivparvti could have and should have adopted policies and procedures related to human trafficking and made anti-human trafficking resources readily available to its actual or apparent agents, servants, employees and/or staff, but it did not.

56.  Defendant Shivparvti could have and should have mandated that all of its actual or apparent agents, servants, employees and/or staff complete anti-human trafficking training, but it did not.

57.  Defendant Shivparvti could have and should have encouraged all of its actual or apparent agents, servants, employees and/or staff to report suspected incidents of human trafficking when observed on its hotel properties, including the Sunrise Motel, but it did not.

58.  Defendant Shivparvti could have and should have developed and maintained relationships with law enforcement regarding appropriate and timely responses to suspected incidents of human trafficking on its hotel properties, including the Sunrise Motel, but it did not.

59.  Defendant Shivparvti could have and should have posted anti-human trafficking awareness and informational materials in common areas and guest rooms at its hotels, including the Sunrise Motel, to help eliminate human trafficking, but it did not.

60.     Defendant Shivparvti could have and should  have developed and maintained relationships with non-profit service providers in the field of appropriate human trafficking prevention training for hotel staff, but it did not.

61.     Defendant Shivparvti failed to take effective preventative measure at its hotels, including the Sunrise Motel, in spite of the indicia of human trafficking and effective preventative measures being widely known and available to it; it simply elected not to engage in preventative policies and practices.

62.     The motivation behind Defendant Shivparvti's ongoing willful blindness and ongoing failure to act is plain and simple – limitless corporate greed; Defendant Shivparvti ignored all of the signs of and/or solutions to human trafficking out of an unfettered fealty to its profit margins and a corresponding complete disregard for the value of human life.

63.     By repeatedly failing to heed the call or repeatedly failing to execute its own policies, Defendant Shivparvti facilitated the sexual trafficking crimes at its hotels, including the Sunrise Motel, content to direct its efforts solely to profit and the bottom line.

64.     Had Defendant Shivparvti implemented anti-human trafficking measures at its hotels, including the Sunrise Motel, this would have been in conflict with its revenue objective which was constant and full hotel  occupancy.

65.     Upon information and belief, Defendant Shivparvti, individually and/or through its agents, lobbied through local, state and federal government levels against anti-human trafficking policies.

66.     Due to Defendant Shivparvti's failure to act, Defendant Shivparvti facilitated enabled sex traffickers to use its hotels for sex trafficking, including the Sunrise Motel, and traffickers and "Johns" continue to capitalize on Defendant Shivparvti's failure to timely and effectively act.

67.     Defendant Shivparvti's failure to prevent and stop sex trafficking and sexual exploitation at its hotels, including the Sunrise Motel, effectively makes it accountable to victims of sex trafficking, including the Plaintiff S.Y.

### The Sex Trafficking of Plaintiff S.Y. at the Sunrise Motel

68.     From approximately 2013 through February 2016, Plaintiff S.Y. was recruited to, enticed to, solicited to, held at, harbored as captive at and/or transported to various hotels in Naples, Florida by her sex traffickers to engage in commercial sex acts at these hotels on a regular, consistent and/or repeated basis, and from approximately 2014 to 2016, Plaintiff S.Y. was trafficked by Jimmy Fischer, Keith Lewis and others at the Sunrise Motel.

69.     At all times material to this Complaint, Defendant Shivparvti, individually and/or by and through its actual or apparent agents, servants, and/or employees, regularly rented or otherwise provided, for its own benefit, rooms and services at the Sunrise Motel to Plaintiff S.Y.'s sex traffickers.

70.     At all times material to this Complaint, Defendant Shivparvti received monetary payment for the rental of rooms at Defendant Shivparvti, including the rooms where Plaintiff S.Y. was being trafficked.

71.     During the relevant time period, Jimmy Fischer negotiated a deal with the Sunrise Motel whereby he would pay double the standard room rate in cash in exchange for the Sunrise Motel permitting sex trafficking and other illegal activities to take place at the Sunrise Motel.

72.     The Sunrise Motel Defendants knew the deal that had been negotiated with Jimmy Fischer permitted sex trafficking and then witnessed the Plaintiff S.Y.'s room to be frequented by many men on a daily basis and the room also contained evidence of sex trafficking and drug use.

73.     If the staff at the Sunrise Motel had not negotiated a deal to permit sex trafficking, and had been trained to recognize the signs of sex trafficking, the trafficking of Plaintiff S.Y. at the Sunrise Motel would have been prevented.

74.     The Sunrise Motel Defendants failed to implement and enforce any of its own policy or policies to protect Plaintiff S.Y. from being sex trafficked.

75.     The Plaintiff S.Y. was forced to engage in sexual activities within and on the premises of the Sunrise Motel that was at all relevant times owned, operated, managed, supervised, controlled and/or otherwise held responsible by Defendant Shivparvti.

76.     Upon information and belief, Defendant Shivparvti's agents and employees made promises to the Plaintiff's sex traffickers to not interfere with the Plaintiff S.Y. who was a victim of human sex trafficking and slavery.

77.     The human sex trafficking enterprise, specifically as to how it was applied to Plaintiff S.Y., was run out of the Sunrise Motel as follows:

  a.  Plaintiff's sex traffickers put up internet advertisements for the purpose of prostituting the Plaintiff. Said advertisements would include a phone number, which would ring to their cell telephone. During the telephone call, sex for cash was negotiated and the caller "John" would be informed that the Plaintiff was at a hotel in Naples, such as the Sunrise Motel;

  b.  The caller "John" who negotiated for the Plaintiff's sex services would then appear on the hotel premises and either the Plaintiff would meet the "John" in the lobby to escort the "John" to the hotel room, or the "John" would speak to the staff at the hotels to inquire about the Plaintiff's room number or otherwise be directed to the Plaintiff's room.

  c.  While the Plaintiff S.Y. performed sex acts with the "John" in the room, the Plaintiff's sex traffickers would linger in the halls and on the premises of the hotel;

  d.  The "John" paid the Plaintiff in cash in exchange for the commercial sex acts received in the hotel room.  Plaintiff gave the cash received for the commercial sex acts to her trafficker.

15

    e.   In turn, the Plaintiff S.Y.'s sex traffickers, used said cash as payment for the hotel rooms where commercial sex acts continued to take place, thereby benefitting the occupancy rates and Defendant Shivparvti financially.

    f.   The Plaintiff's sex traffickers also engaged in the commercial sale of illegal drugs on the hotel premises with sales taking place either in the hotel rooms or in public areas of the hotels.

78.    Plaintiff S.Y. performed numerous commercial sex acts ("dates") per day while at the Sunrise Motel between 2014 and 2016. As such, the routine identified in the preceding paragraph occurred on the hotel premises numerous times within a 24-hour window.

79.    Upon information and belief, some of the "Johns" visiting the Plaintiff while on the premises of the Sunrise Motel, were staff, agents and/or employees of Defendant Shivparvti.

80.    Upon information and belief, during the time period Plaintiff S.Y. was trafficked at the Sunrise Motel, the traffickers and "Johns" used the ATM in the lobby on a frequent basis.

81.    While being trafficked at the Sunrise Motel, Plaintiff S.Y.'s room was frequented by many men on a daily basis and was always littered with drugs and drug paraphernalia.

82.    Plaintiff S.Y.'s sex traffickers, individually and through the Plaintiff and other agents, conducted multiple illegal drug sales throughout the day at the Sunrise Motel in adjoining rooms.

83.    Upon information and belief, while at the Sunrise Motel, Plaintiff S.Y. was forced to engage in frequent use of illegal hard drugs and would exhibit behavior consistent with someone who was under the influence, or near overdose, of a chemical substance.

84.    The following was also routine conduct taking place at the Sunrise Motel as a result of the human sex trafficking enterprise:

    a.   Plaintiff's sex traffickers frequently rented rooms at the hotel close to each other;

    b.   Plaintiff's sex traffickers paid cash for the rooms at the Sunrise Motel where the Plaintiff engaged in commercial sex acts;

    c.   Plaintiff's sex traffickers booked extended stays at the Sunrise Motel for themselves and for the Plaintiff on a routine basis and on a rotating basis frequently throughout the year;

    d.   Plaintiff and her sex traffickers would have few or no luggage or personal possessions for these extended stays;

    e.   Plaintiff was confined in the rooms at the Sunrise Motel for long periods of time;

    f.   Plaintiff's rooms and her sex traffickers' rooms consistently displayed "Do Not Disturb" signs on the doors to the room where the Plaintiff was engaged in commercial sex acts;

    g.   Men ("Johns") frequently entered and left the rooms at the Sunrise Motel where the Plaintiff was engaged in illegal commercial sex acts at all times of day and night;

    h.   Plaintiff's sex traffickers consistently refused housekeeping services and otherwise would prohibit staff from entering their rooms and the Plaintiff's rooms;

    i.   Plaintiff would frequently request clean towels and linens;

    j.   Plaintiff dressed in a sexually explicit manner and would walk the hallways of the Sunrise Motel;

    k.   Excessively loud noises would consistently come from Plaintiff's rooms;

    l.   During nighttime hours, Plaintiff and her "Johns" and drug clients would create noise in the public area of the Sunrise Motel and, upon information and belief, would be a disturbance to other guests using the hotel for their intended purposes;

    m.   Plaintiff would sleep during the day and the staff members of the Sunrise Motel would consistently see the Plaintiff wearing lounge or sleep type clothing during the day; and

    n.   While at the hotel, the Plaintiff displayed clear signs of physical abuse, diminished personal hygiene, submissiveness and inappropriate attire.

85.    In addition, Defendant Shivparvti knew or should have known that:

    a.   Women, including Plaintiff, were walking around the Sunrise Motel with cuts, lacerations, abrasions, bruises, injuries and bandages, including all over their faces;

    b.  Women, including Plaintiff, were walking around the Sunrise Motel strung out on drugs for days at a time;

    c.  Women, including Plaintiff, at the Sunrise Motel looked tired and haggard due to forced sex work at all hours of the day for many days at a time;

    d.  Women, including Plaintiff, at the Sunrise Motel were dressing inappropriately for the location and weather;

    e.  The same women including Plaintiff, were walking in the lobby of the Sunrise Motel 9-10 times a day with different men (would meet "Johns" at front door); and

    f.  The Collier County Sheriff Office ("CCSO") would come to the hotel, knock on doors and tell girls and men to leave, and follow it to the next hotel.

86.    Defendant Shivparvti knew or should have known of the dangerous conditions at the Sunrise Motel that were likely to cause harm to the Plaintiff, in the following ways:

    a.  The Sunrise Motel was not properly designed for guest safety and proper monitoring by staff and surveillance systems;

    b.  The presence of suspicious people;

    c.  Random people coming in and out of certain room each night to have sex and buy drugs;

    d.  Rooms at the Sunrise Motel were routinely filled with about 10 people who engaged in sex and drugs;

    e.  Loud, boisterous sounds and music in the rooms and public areas throughout the night and day disturbed the quiet enjoyment of other guests;

    f.  Women and clients would go into hotel parking lot and loiter;

    g.  Upon alert by other hotel customers and/or staff of the Sunrise Motel, the CCSO received emergency calls that prostitution was occurring at the Sunrise Motel in the rented rooms of the Plaintiff's sex traffickers and/or the Plaintiff;[4]

    h.  Emergency medical technicians from the City of Naples were frequently called to the Sunrise Motel for drug overdoses and/or injuries occurring its hotel

---

[4] Upon information and belief, CCSO was present on Defendant Shivparvti's hotel premises on multiple occasions during the relevant time period.

rooms that were rented to the Plaintiff's sex traffickers and/or the Plaintiff; and

i.  Defendant Shivparvti knew or should have known there was a foreseeable increased risk that illegal sex trafficking was occurring as the Sunrise Motel, and that the Plaintiff might be harmed. Further that the scope of the anticipated risk to which Defendant Shivparvti allowed the Plaintiff to be exposed and the Plaintiff was within the zone of risks that were reasonably foreseeable by the Defendant.

87.   The foregoing routine and conduct occurred while Plaintiff S.Y. was being sex trafficked at the Sunrise Motel from 2014 through early 2016 and, upon information and belief, the foregoing routine and conduct, as it applies to sex trafficking not specific to Plaintiff, also occurred many months prior to her being sex trafficked at the Sunrise Motel in 2014.

88.   Naples Police were cognizant of the foregoing routine and conduct from afar, making it impossible for Defendant Shivparvti to be ignorant of what was occurring right in front of it.

89.   In fact, as early as the Fall of 2014, the Collier County Sherriff's Office ("CCSO") had established routine patrols to check local hotels (including the Sunrise Motel) for human sex trafficking activities.

90.   Defendant Shivparvti, individually and/ or by its actual or apparent agents, servants, and/or employees, knew or had constructive knowledge, that they were renting or otherwise providing rooms and services to individuals, such as human sex traffickers, who were engaged in the commercial sex trade.

91.   Defendant Shivparvti, individually and/or by its actual or apparent agents, servants, and/or employees, knew or had constructive knowledge, that the women with Plaintiff's sex traffickers, including Plaintiff S.Y., were used to carry out the commercial sex trade and sale of illegal drugs.

92.   Defendant Shivparvti, individually and/or by its actual or apparent agents, servants, and/or employees, knew or should have known of suspicious activity occurring at the Sunrise

Motel and that by failing to inspect and make its hotel premises safe from criminal activity, it was foreseeable that illegal activity was, and would continue to be, carried out at the Sunrise Motel.

93.    It follows then that Defendant Shivparvti could reasonably foresee that sex crimes, human trafficking or other foreseeable acts were occurring on its hotel premises and/or were being committed against hotel guests, such as the Plaintiff S.Y.

94.    Additionally, Defendant Shivparvti, individually and/or by its actual or apparent agents, servants, and/or employees, knew or had constructive knowledge that the sale and usage of illegal drugs were being performed on the premises.

95.    Moreover, Defendant Shivparvti's hotel housekeeping, front desk, maintenance, food preparation staff, managers, and pool staff had conversations with the Plaintiff S.Y., and had knowledge, or should have had knowledge, that the Plaintiff was staying at the hotel for an extended period of time to carry out various sex trafficking ventures.

96.    Defendant Shivparvti's hotel staff also knew that the Plaintiff would routinely sleep during the day and walk the premises at night in provocative attire.

97.    At all material times, Defendant Shivparvti, individually and/or by and through its actual or apparent agents, servants, and/or employees, was uniquely positioned to observe the manifestations or indications of human sex trafficking and human sex trafficking victims within the Sunrise Motel.

98.    Had the Sunrise Motel staff been properly trained by Defendant Shivparvti and/or anyone acting on its behalf regarding the obvious signs of sex trafficking, they would have observed the obvious signs of sex trafficking at the Sunrise Motel, including as they applied to Plaintiff S.Y., and these signs would have been recognized and, therefore, reported.

99.     Defendant Shivparvti failed to implement and enforce any of its own policy or policies and protect Plaintiff S. Y. from being sex trafficked.

100.    Defendant Shivparvti knew or should have known that the Sunrise Motel where Plaintiff S.Y. was trafficked was an area known for high incidence of crime and prone to sex trafficking activity on and around the Sunrise Motel premises, including when Plaintiff S.Y. was trafficked.

101.    Despite having clear evidence of the extensive prostitution and sex trafficking that occurs at the Sunrise Motel, Defendant Shivparvti repeatedly failed to stop these actions.

102.    Defendant Shivparvti could have prevented sex trafficking, by: (i) distributing information to assist its agents, employees, operators, and brand managers in identifying human trafficking and indications of an illegal enterprise or suspicious activity; (ii) posting notices on what is human trafficking and a national hotline; (iii) providing a process for reporting and escalating human trafficking concerns within the organization, and to appropriate outside agencies; (iv) requiring all employees to attend training related to handling a situation involving human trafficking; (v) providing new hire orientation on human rights, corporate responsibility and whistleblowing of enablers; (vi) providing training and education to its hotels through webinars, seminars, conferences, and online portals on how to respond to suspected human traffickers, victims and suspicious activity; (vii) developing and holding ongoing training sessions on human trafficking; or providing checklists, escalation protocols and information to property management staff; or tracking performance indicators and key metrics on human trafficking prevention; (viii) providing steps they can take to deter traffickers and decline forms of bribery;  and (ix) ensuring strict security protocols, credit cards only, and no loitering.

103.    For years, Defendant Shivparvti has failed to take adequate steps to prevent the rampant culture of sex trafficking which tragically occurs on its properties, including the Sunrise Motel at which Plaintiff S.Y. was trafficked.

104.    The acts and omissions of Defendant Shivparvti served to support, facilitate, harbor, and otherwise further the traffickers' sale and victimization of the Plaintiff S.Y., and others, for commercial sexual exploitation by repeatedly renting rooms to people they knew or should have known were engaged in sex trafficking.

<b>Defendant Shivparvti Knowingly Benefitted<br>From Plaintiff S.Y.'s  Sex Trafficking</b>

105.    At all material times, Defendant Shivparvti received money and financially profited from the forced commercial sex acts that were being carried out by the Plaintiff S.Y. on the premises of the Sunrise Motel.

106.    Defendant Shivparvti knew or should have known that it was financially profiting from the continuation of illegal commercial sex acts committed on the premises of the Sunrise Motel through both renting of rooms and provision of the Plaintiff's forced commercial sex services.

107.    Despite knowledge, constructive knowledge and general awareness of the signs of human trafficking, Defendant Shivparvti, individually and/or by and through its actual or apparent agents, servants, and/or employees, failed to report to authorities, intervene, disrupt, refuse or otherwise stop the human sex trafficking of the Plaintiff S.Y.

108.    By harboring the Plaintiff S.Y.'s sex traffickers and the Plaintiff's commercial sex and drug acts at the Sunrise Motel, Defendant Shivparvti, individually and/or by and through its actual or apparent agents, servants, and/or employees, continued to financially profit from the room occupancy derived from not reporting and not refusing the human sex trafficking of the Plaintiff.

109.    Accordingly, Defendant Shivparvti continued to financially profit from the room occupancy derived from not protecting its hotel guests, to wit the Plaintiff S.Y., from being a continuous victim of human sex trafficking.

**Defendant's Willful Blindness to Sex Trafficking at its hotels**

110.    At all relevant  times, Defendant Shivparvti was on constructive or actual notice[5] of repeated incidences of sex trafficking occurring at the Sunrise Motel, yet Defendant Shivparvti failed to take the necessary actions to prevent sex trafficking and still persisted in failing to take the necessary action to prevent sex trafficking at the Sunrise Motel.

111.    Plaintiff S.Y. was a hotel guest at  the Sunrise Motel and Plaintiff was seriously and permanently injured as a direct result of Defendant Shivparvti's acts and omissions, in that Defendant Shivparvti permitted, harbored and facilitated illegal sex trafficking ventures to take place at the Sunrise Motel whereby the Plaintiff S.Y. was  routinely and continuously abused, battered, falsely imprisoned, raped, beaten, starved, forcibly injected with drugs and enslaved.

112.    More specifically, at all material times, in the quest for profits, the acts and omissions of Defendant Shivparvti regarding the Sunrise Motel caused the Plaintiff to suffer:

        a.  Forced labor;

        b.  Forced confinement without safe means of escape;

        c.  Assault and fear;

        d.  Sickness, dizziness and headaches;

        e.  Cuts, lacerations, abrasions and other physical harm;

        f.  Mental anguish, humiliation, exploitation, degradation and mental distress;

        g.  Suffocation, battery and rape;

---

[5] By virtue of membership in AAOHO or ALHA, incidents on the premises, observations and evidence on the premises,  incidents at nearby properties, news reports, industry reports, customer reviews or otherwise.

    h.   Shock, fright and post-traumatic stress;

    i.   Overdose and drug-induced dangers (the Plaintiff suffered drug overdoses, drug-induced actions which caused harm to themselves, physical deformities and scarfing from actions of the "Johns" and drug usage); and

    j.   Invasion of privacy and wrongful entry of "Johns."

## CAUSES OF ACTION

113.   The injuries and harms that Plaintiff S.Y. suffered as a result of Defendant Shivparvti's negligent operations of the Sunrise Motel and failure to make the hotel premises safe, are of a permanent and/or continuing nature.

114.   Defendant Shivparvti, as hotel owner, operator, supervisor and controller of the Sunrise Motel, had a continuing legal duty to protect its hotel guests and other invitees, like the Plaintiff S.Y., to use ordinary care to keep its hotel premises in a reasonably safe condition, and to protect its guests, such as the Plaintiff S.Y., from harm due to reasonably foreseeable risks of injury, regardless if the guests were utilizing the hotel's common rooms, facilities, exterior passageways, or were within the confines of the rented rooms.[6]

115.   Defendant Shivparvti failed in its duties to the Plaintiff S.Y. to provide security and other precautions to prevent the criminal acts upon her by third parties on a regular basis.

116.   The attacks upon the Plaintiff S.Y. by her traffickers, by the "Johns" and staff persons were foreseeable and thus arose a duty by Defendant Shivparvti to protect the Plaintiff.

117.   Defendant Shivparvti observed, knew or should have known there was a foreseeable increased risk that illegal sex and drug trafficking was occurring at the Sunrise Motel and that the Plaintiff S.Y. might be harmed during the rental of the rooms the Sunrise Motel.

---

[6] 17 Fla. Jur., Hotels, Restaurants, and Motels, § 24; 40 Am.Jur.2d, Hotels, Motels, and Restaurants, § 111.

118.   To Defendant Shivparvti, as hotel owner, operator, supervisor and controller, the crime of human sex trafficking was a foreseeable risk because the long history, prevalence and extent of this sex slavery was commonly known to it.

119.   At all relevant times, Defendant Shivparvti, as hotel owner, operator, supervisor and controller, was a vehicle with which the crime of human sex trafficking was readily carried out, furthered, harbored and made financially viable.

120.   Significantly, Defendant Shivparvti knew or should have known there was a foreseeable increased risk that illegal sex trafficking was occurring at the Sunrise Motel, that tragic incidents were occurring as a result, and that the Plaintiff S.Y., as a hotel guest, might be harmed due to prior similar incidents at the Sunrise Motel.

121.   Accordingly, Defendant Shivparvti should have taken steps to prevent sex and drug trafficking at the Sunrise Motel in accordance with applicable Federal, State and local laws and guidelines.

122.   Accordingly, because human sex trafficking and other illegal activity associated therewith were foreseeable, Defendant Shivparvti had a duty to take adequate security or remedial measures to protect its hotel guests from criminal activity, to wit, the Plaintiff S.Y.

123.   Plaintiff S.Y.'s injuries and consequential damages were the direct and proximate result of Defendant Shivparvti's acts and omissions, namely:

   a.   Failure to provide training regarding human trafficking awareness to employees who perform housekeeping duties, maintenance, or who work at the front desk;

   b.   Failure to provide guidance on how to identify individuals who may be traffickers or their victims of the sex trafficking;

   c.   Failure to establish, implement or enforce a protocol on reporting suspected human trafficking;

d.   Failure to establish, implement or enforce a protocol to respond to situations involving human trafficking;

e.   Failure to enforce provisions within employee manuals or handbook on how to handle general emergency situations or manage criminal risks;

f.   Failure to require its agents, servants, and/or employees to participate, complete and continue education regarding sex trafficking in hotels;

g.   Failure to remove and/or refuse subsequent accommodations to the Plaintiff's sex traffickers when conduct displayed on the premises included a combination of intoxication, profanity, lewdness, or brawling; disturbing the peace or comfort of other guests; illegal activity; disorderly conduct; and drug dealing;

h.   Allowing rental of hotel rooms without conferring with senior management notwithstanding the suspicions;

i.   Failure to correct or remedy protocols that were defective or ineffective in preventing or handling prior sex and drug trafficking incidents at Defendant's hotel property;

j.   Failure to provide adequate security personnel at the Sunrise Motel to protect its guests;

k.   Failure to establish, implement and enforce appropriate security policies and procedures for certain times of day, room locations, and suspicious activity;

l.   Permitting unknown persons to loiter, to gain entry to guest hallways, to know room numbers, and have access to room keys;

m.  Failure to check the background of the hotel employees for sex crimes and other unlawful acts; and

n.   Otherwise failing to use reasonable care for the safety of its guests.

124.   By failing to act, Defendant Shivparvti, by and through its actual or apparent agents, servants, and/or employees, allowed the Plaintiff S.Y. to be harbored and confined for sexual acts while collecting rental fees thereon.

125.   Defendant Shivparvti 's willful blindness, negligence, or indifference for the health and welfare of the Plaintiff  S.Y. spanned over many months and exceeds all bounds of decency.

126.    Pursuant to Florida's statute 501.204, Defendant Shivparvti has engaged in unconscionable and unfair acts or practices in the conduct of the hospitality industry.

127.    As a further direct and proximate result of Defendant Shivparvti's conduct and lack of due and reasonable care, the Plaintiff S.Y. had incurred expenses, fees, and costs of medical care and attention to her injuries, including: (1) physicians' fees; (2) medications and medical supplies; (3) hospitalizations; and (4) transportation costs to and from various physicians' offices and hospitals.

128.    As a further direct and proximate result of Defendant Shivparvti's conduct and lack of due and reasonable care, the Plaintiff S.Y. has suffered great physical and mental pain, and will continue to suffer such pain for the indefinite future, for which the Plaintiff should also be compensated by Defendant Shivparvti.

**COUNT I**
**VIOLATION OF 18 U.S.C. § 1595 ("TVPRA")**

129.    Plaintiff S.Y. sets forth an action for violation of 18 U.S.C § 1595 as against Defendant Shivparvti.

130.    In support of her action against Defendant Shivparvti, Plaintiff S.Y. adopts and incorporates by reference paragraphs 1-128  contained in this Complaint as if fully set forth herein.

131.    At to Plaintiff S.Y.'s TVPRA action as against Defendant Shivparvti, Plaintiff  S.Y. is a victim of sex trafficking within the meaning of 18 U.S.C. § 1591 and is therefore entitled to bring a civil action under 18 U.S.C. § 1595 against any individual or entity who knowingly benefits, financially or by receiving anything of value from participation in a venture which that entity or person knew or should have known has engaged in violations of the TVPRA.

132.    Defendant Shivparvti named herein knowingly benefited from the sex trafficking of Plaintiff S.Y. by receiving payment for the rooms rented for Plaintiff S.Y. and her traffickers at the Sunrise Motel.  In addition, Defendant Shivparvti received other financial benefits in the form of food and beverage sales and ATM fees from those persons who were engaging in sex trafficking.

133.    Defendant Shivparvti knew or should have known about the nature of the sex trafficking venture at the Sunrise Motel, including as they related to Plaintiff S.Y., for the reasons stated above which include, but are not limited to:

    a.  Cash payments for the rooms by the sex traffickers;

    b.  Negotiating a deal to receive double the standard room rate in exchange for permitting the sex trafficking at the Sunrise Motel;

    c.  Refusal of housekeeping services by those persons engaged in sex trafficking;

    d.  Excessive used condoms located in the rooms used for sex trafficking;

    e.  Excessive requests for towels and linens in the rooms used for sex trafficking;

    f.  Hotel staff observing Plaintiff S.Y. and her traffickers in the hotel;

    g.  Plaintiff S.Y. being escorted by traffickers in and around the hotel;

    h.  Pleas and screams from help coming from the rooms of Plaintiff S.Y.;

    i.  Operation of sex trafficking ventures out of the same hotel room for multiple days or weeks in succession;

    j.  Multiple men per day coming and going from the same rooms without luggage or personal possessions; and

    k.  Knowledge of police and EMS activity at the Sunrise Motel and at other locations near the Sunrise Motel that was related to commercial sex work.

134.    Defendant Shivparvti was participating in a venture under 18 U.S.C. § 1595(a) by engaging in a pattern of acts and omissions that were intended to support, facilitate, harbor, and otherwise further the traffickers' sale and victimization of the Plaintiff S.Y. for commercial sexual

exploitation by repeatedly renting rooms at Sunrise Motel to people Defendant Shivparvti knew or should have known were engaged in sex trafficking.

135.    For the reasons set forth herein, Plaintiff S Y. suffered and will continue to suffer substantial economic, physical, and psychological injuries as the result of being trafficked and sexually exploited at the Sunrise Motel in violation of 18 U.S.C. §1591.

## COUNT II
## Violation of Fla. Stat. § 772.104

136.    Plaintiff S. Y. brings this claim against Defendant Shivparvti under Fla. Stat. § 772.104(1) and § 772.104(2).

137.    In support of her action against Defendant Shivparvti, Plaintiff S.Y. adopts and incorporates by reference paragraphs  1-128  contained in this Complaint as if fully set forth herein.

138.    At all material times, Defendant Shivparvti associated with the Plaintiff S.Y.'s sex traffickers for the common purpose of profiting off an established sex trafficking scheme.  This association-in-fact is therefore an Enterprise within the meaning of Fla. Stat. § 772.102(3).

139.    Defendant Shivparvti conducted or participated in, or conspired to conduct or participate in, the affairs of the RICO Enterprise through a pattern of numerous acts of racketeering activity defined under Fla. Stat. § 772.102(1)(a)(15) and in violation of Fla. Stat. § 772.103, related by their common purpose to profit off an institutionalized sex trafficking scheme.

140.    Specifically, Defendant Shivparvti conducted or participated in, and/or conspired to conduct or participate in, the affairs of the RICO Enterprise by knowingly, or with reckless disregard, maintaining sex trafficking as defined by Fla. Stat. § 787.06(2)(f).

141.    As described in the preceding paragraphs, Defendant Shivparvti, regarding the RICO Enterprise, maintained sex trafficking by knowingly, or with reckless disregard, repeatedly allowing sex trafficking to occur on its premises between 2014 and 2016.

142.    In exchange for maintaining the sex trafficking scheme, Defendant Shivparvti, regarding the RICO Enterprise, received a financial benefit in violation of Fla. Stat. § 787.06(3), namely, repeated payments for rooms used for sex trafficking.

143.    These predicate acts of racketeering activity described above constitute a "pattern of racketeering activity" as defined in Fla. Stat. § 772.102(4) and furthered the common purpose of the RICO Enterprise to profit from a sex trafficking scheme.

144.    Defendant Shivparvti's acts have yielded consistent results and caused economic, physical, and psychological injuries to the Plaintiff S.Y.

145.    As set forth in the preceding paragraphs, the racketeering acts have similar participants.

146.    Defendant Shivparvti is a hospitality company that provides lodging at the Sunrise Motel.

147.    Defendant Shivparvti, regarding the RICO Enterprise, directed its racketeering activities at a common victim, Plaintiff S.Y.

148.    The acts of Defendant Shivparvti have similar methods of commission, such as maintaining deficiencies in implementing and enforcing policies and protocols regarding sex trafficking at the Sunrise Motel in order to maximize its profits.

149.    As a direct and proximate result of Defendant Shivparvti's acts discussed in this section, Plaintiff S.Y. has suffered bodily injuries that are of a continuing or permanent nature, resulting in pain and suffering, disability, disfigurement, mental anguish, PTSD, humiliation, distress, deformation, loss of capacity to enjoy life, loss of enjoyment of life, and expenses of medical treatment. All of the losses are either permanent or continuing in their nature and the Plaintiff will suffer from such losses in the future.

## COUNT III
## Premise Liability

150.    Plaintiff S. Y. brings this claim against Defendant Shivparvti for premise liability.

151.    In support of her action against Defendant Shivparvti, Plaintiff S.Y. adopts and incorporates by reference paragraphs  1-128 contained in this Complaint as if fully set forth herein.

152.    At all times material to this complaint, the Plaintiff S.Y., while an invitee or otherwise lawfully present upon the premises of the Sunrise Motel, did sustain injuries as a result of Defendant Shivparvti, its patrons and the criminal activity carried on at the Sunrise Motel.

153.    Defendant Shivparvti, individually and by and through its agents, servants, and/or employees, owed a duty to maintain the premises of the Sunrise Motel, that it owned, operated, controlled, supervised and/or for which it was otherwise responsible, in a reasonably safe condition and free from conditions that would render it dangerous and unsafe for the Plaintiff S.Y.

154.    Defendant Shivparvti, individually and/or by and through its agents, servants, and/or employees, owed a duty to exercise reasonable care to protect the Plaintiff S.Y., by inspection or other affirmative acts, from the danger of any reasonably foreseeable harm occurring from the reasonably foreseeable use of the premises of the Sunrise Motel that it owned, operated, controlled, supervised and/or for which it was otherwise responsible by sex traffickers.

155.    Defendant Shivparvti, individually and/or by and through its agents, servants and/or employees, owed a duty to exercise reasonable care to keep the hotel guests of the Sunrise Motel, including Plaintiff S.Y., safe by implementing and enforcing security measures and proper protocols.

156.    Defendant Shivparvti, individually and/or by and through its agents, servants, and/or employees, owed a duty to safeguard the Plaintiff S.Y. against criminal conduct that Defendant Shivparvti could reasonably foresee happening at the Sunrise Motel.

157.    Defendant Shivparvti, individually and/or by and through its agents, servants, and/or employees, owed a duty to maintain the Sunrise Motel in a hospitable, safe and reasonable manner, as well those areas beyond the hotel's property lines for which Defendant Shivparvti had possession, custody or control thereof.

158.    Defendant Shivparvti had actual or constructive knowledge of prior similar sex trafficking incidents carried out at hotel properties it owned, operated, supervised, controlled and/or was otherwise responsible, including the Sunrise Motel, as well as other hotel properties in Naples, Florida.

159.    Defendant Shivparvti knew or should have known, in light of all the attendant circumstances stated herein, that the risk of such criminal conduct taking place at the Sunrise Motel would be unreasonably high without Defendant Shivparvti taking appropriate  security precautions against such conduct as well as protocols for reporting and refusing such conduct.

160.    Defendant Shivparvti, individually and/or by and through its agents, servants, and/or employees, had actual knowledge of the dangerous condition the Plaintiff S.Y. was in at the Sunrise Motel, or in the alternative, that the dangerous condition existed for a sufficient length of time at the Sunrise Motel such that Defendant Shivparvti, in the exercise of ordinary care, should have known of the conditions, thereby giving Defendant Shivparvti constructive knowledge of the Plaintiff S.Y.'s peril; and/or that the condition occurred with regularity at the Sunrise Motel and was therefore foreseeable; and/or Defendant Shivparvti should have known of the dangerous condition or peril by conducting proper and reasonable inspection of the hotel premises and/or guests' conduct.

161.    Because human sex trafficking and associated conduct was foreseeable, Defendant Shivparvti had a duty to take adequate measures at the Sunrise Motel to protect its guests, including the Plaintiff S.Y., from being victims of continued sex trafficking.

162.    At all times material, Defendant Shivparvti, by and through its agents, servants, and/or employees, created and/or allowed the dangerous condition to exist at the Sunrise Motel and/or failed to keep the Plaintiff S.Y. safe while she was on the premises of the Sunrise Motel.

163.    Defendant Shivparvti could have taken any number of corrective measures to make the dangerous conditions at the Sunrise Motel cease, including but not limited to, not accepting payments, not allowing "Johns" to enter the Sunrise Motel, not allowing  sex traffickers to enter the Sunrise Motel, providing training regarding human trafficking awareness to employees who perform housekeeping duties, maintenance, or who work at the front desk; providing guidance on how to identify individuals who may be traffickers or their victims of the sex trafficking; establishing, implementing or enforcing protocols on reporting suspected human trafficking and responding to situations involving human trafficking; and enforcing provisions within employee manuals or handbook on how to handle general emergency situations or manage criminal risks.

164.    In failing to take any measures to report and remove the dangerous condition from the premises of  the Sunrise Motel, Defendant Shivparvti failed to take reasonable care to protect the Plaintiff S.Y, its hotel guest.

165.    Furthermore, by leaving the hotel premises open and unattended, Defendant Shivparvti encouraged the use of the hotel premises by loiterers, pimps, criminals, rapists and drug dealers to run its own criminal venture, prostitute, batter, falsely imprison, overdose, enslave, and gravely injure women, such as Plaintiff S.Y., who – because of their fear, mental state, financial restraints and physical injuries from the forced sex occurring in the Sunrise Motel hotel rooms – were unable

to rescue themselves. Accordingly, Defendant Shivparvti's failure to act effectively enabled its hotel room(s) to confine and/or imprison the Plaintiff S.Y. without any safe means of escape from the "Johns" and/or "pimps".

166.    Defendant Shivparvti, by and through its agents, servants, and/or employees, breached its duties owed to the Plaintiff S.Y., and was negligent regarding the Sunrise Motel by:

      a.   Creating a dangerous condition;

      b.   Failing to correct the aforementioned dangerous condition;

      c.   Failing to report and refuse renting to the traffickers;

      d.   Failing to properly and adequately maintain the premises in a reasonably safe condition;

      e.   Failing to monitor and prevent its  hotel staff and agents from conducting and engaging in illegal sex and drug trafficking;

      f.   Failing to have security measures to protect the Plaintiff;

      g.   Failing to provide training regarding human trafficking awareness to employees who perform housekeeping duties, maintenance, or who work at the front desk;

      h.   Failing to provide guidance to employees on how to identify individuals who may be traffickers or their victims of the sex trafficking;

      i.   Failing to establish, implement or enforce protocols on reporting suspected human trafficking and responding to situations involving human trafficking;

      j.   Failing to enforce provisions within employee manuals or handbook on how to handle general emergency situations or manage criminal risks; and

      k.   Failing to take affirmative steps to investigate suspicious conduct and forbid criminal conduct.

167.    As a direct and proximate result of the acts and omissions of Defendant Shivparvti by and through its agents, servants, and/or employees – which led to the continuous dangerous condition at the Sunrise Motel during  the time period within which Plaintiff S.Y.  was trafficked  there (approximately 2014 through approximately February 2016) – Plaintiff S.Y. has suffered bodily

injuries that are of a continuing or permanent nature, resulting pain and suffering, disability, disfigurement, mental anguish, PTSD, humiliation, distress, deformation, loss of capacity to enjoy life, loss of enjoyment of life, and expenses of medical treatment. All of the losses are either permanent or continuing in their nature and the Plaintiff will suffer from such losses in the future.

## COUNT IV
## Negligent Hiring, Supervision and Retention

168.  Plaintiff S. Y. brings this claim against Defendant Shivparvti for negligent hiring, supervision and retention.

169.  In support of her action against Defendant Shivparvti, Plaintiff S.Y. adopts and incorporates by reference paragraphs  1-128 contained in this Complaint as if fully set forth herein.

170.  Defendant Shivparvti, through its agents, employees, and/or servants, negligently authorized criminals to rent rooms for prostitution and drug dealing at the Sunrise Motel, creating a foreseeable risk that the Plaintiff S.Y. would be sold, used, abused, drugged, beaten and forced to engage in conduct for fear of her life.

171.  Defendant Shivparvti, through its agents, employees, and/or servants, failed to either identify and/or report the human sex trafficking and foreseeable harm of the Plaintiff.

172.  Defendant Shivparvti, through its agents, employees, and/or servants, failed to refuse continued lodging services to human sex traffickers.

173.  Defendant Shivparvti was in control of the hiring of agents, employees, and/or servants at the Sunrise Motel that it owned, operated, supervised, controlled and/or or was otherwise responsible, and was responsible for performing background checks on these agents, employees and/or servants; instructing, training and supervising said agents, employees, and/or servants; and deciding whether to terminate said agents, employees and/or servants.

174.    Defendant Shivparvti had a duty to make an appropriate investigation of its agents, employees, and/or servants.

175.    Defendant Shivparvti was in control of the supervising of the agents, employees, and/or servants at the hotels that it owned, operated, supervised, controlled and/or or was otherwise responsible, and was responsible for instructing, training and supervising said agents, employees, and/or servants.

176.    Defendant Shivparvti knew or should have known that its agents, employees, and/or servants were allowing criminals to rent rooms for prostitution and drug dealing.

177.    Defendant Shivparvti knew or should have known that its agents, employees, and/or servants were failing to either identify and/or report the human sex trafficking and foreseeable harm of the Plaintiff and others.

178.    Defendant Shivparvti knew or should have known that its agents, employees, and/or servants were failing to refuse continued lodging services to human sex traffickers.

179.    At all material times, Defendant Shivparvti was negligent in its hiring, employment, supervision and termination decisions regarding its agents, employees, and/or servants, and said negligent decisions caused the Plaintiff S.Y. to be injured.

180.    It was foreseeable that Defendant Shivparvti's acts and omissions increased the risk that these illegal acts would regularly occur on the premises of the Sunrise Motel and would cause harm to the Plaintiff S.Y.

181.    But for the negligence and omissions of Defendant Shivparvti as to the Sunrise Motel, the criminal conduct, including human sex trafficking, on the foregoing dates could have been prevented and/or stopped.

182.    Accordingly, Defendant Shivparvti is liable for all harmful results that are the normal incidents of, and within the increased risk caused by, its negligent acts and omissions regarding the Sunrise Motel.

183.    As a direct and proximate result of the acts and omissions of the Defendant, by and through its agents, servants, and/or employees – which led to the continuous sex trafficking of Plaintiff S.Y. from approximately 2014 through approximately February of 2016 – Plaintiff S.Y. has suffered bodily injuries that are of a continuing or permanent nature, resulting pain and suffering, disability, disfigurement, mental anguish, PTSD, humiliation, distress, deformation, loss of capacity to enjoy life, loss of enjoyment of life, and expenses of medical treatment. All the losses are either permanent or continuing in their nature and the Plaintiff will suffer from such losses in the future

## COUNT V
### Negligent Rescue

184.    Plaintiff S.Y. brings this claim against Defendant Shivparvti for negligent rescue.

185.    In support of her action against Defendant Shivparvti, Plaintiff S.Y. adopts and incorporates by reference paragraphs  1-128 contained in this Complaint as if fully set forth herein.

186.    At all times material to this litigation, Defendant Shivparvti was the owner and operator of the Sunrise Motel and it ran a profit business of renting out rooms on the hotel premises.

187.    At all times material to this litigation, Defendant Shivparvti knew or should have known that suspicious activity, illegal transactions, abuse, crimes, drugs and sex slavery were a regular occurrence at the Sunrise Motel and were being conducted by a regular group of individuals.

188.    At all times material to this litigation, Defendant Shivparvti knew or should have known that this type of environment posed a danger at the Sunrise Motel.

189.    At all times material to this litigation, Defendant Shivparvti had a duty to keep its hotel guests, including Plaintiff S.Y., and its hotel premises safe and prevent foreseeable criminal activity.

190.    At all times material to this litigation, Defendant Shivparvti had a duty to take appropriate actions that would properly inform itself and make the appropriate repairs to make the Sunrise Motel safe, or otherwise frustrate criminal activity.

191.    By failing to act and prevent suspicious behavior, Defendant Shivparvti caused dangerous conditions to occur, exist and continue on its hotel premises at all relevant times in this complaint.

192.    Defendant Shivparvti knew or should have known that an illegal sex trafficking venture and drug conduct was occurring at the Sunrise Motel but took no appropriate actions to properly investigate, report, cease or prevent the illegal conduct, nor to safeguard its hotel guests and/or to rescue the Plaintiff S.Y. from the peril it caused by renting rooms at the Sunrise Motel for extended stays to human sex traffickers.

193.    During all relevant times, Defendant Shivparvti financially benefitted from the sexual trafficking rental money received from the Sunrise Motel, where the Plaintiff S.Y. was held as a sex slave, and the consistent occupancy. By failing to prevent or correct the dangerous conditions on the premises of the Sunrise Motel, Defendant Shivparvti allowed the "Johns" continuing demand for the Plaintiff S.Y.'s services to always be met.

194.    As a result of the authorization, facilitation, access, financial benefits and concealment of the sex trafficking and drug use by Defendant Shivparvti on the  premises of the Sunrise Motel, the Plaintiff S.Y. was placed in peril.

195.    Defendant Shivparvti had a duty to make safe a dangerous condition at the Sunrise Motel and to rescue its hotel guests, specifically Plaintiff S.Y., from the peril it created, as well as to protect and rescue its hotel guests, specifically Plaintiff S.Y., from foreseeable criminal activity.

196.    Defendant Shivparvti had a duty to act as a reasonably prudent person under emergency circumstances to rescue the Plaintiff S.Y. when it observed her on its hotel premises being sex trafficked, strung out, stumbling onto the adjacent highway, overdosed, injured and/or beaten.

197.    Defendant Shivparvti failed to protect and failed to rescue the Plaintiff S.Y. despite its legal duty to rescue her as a result of the hotel-guest relationship and because it placed the Plaintiff S.Y. in the peril of continued and extended forced sex services.

198.    Defendant Shivparvti failed to act as a reasonably prudent hotel owner and operator, especially in light of the prior incidents and known issues at its hotel and in the Naples community.

199.    Plaintiff S.Y. suffered physical, mental, emotional and economic damages as the result of the actions and inactions of Defendant Shivparvti.

200.    As a direct and proximate result of the acts and omissions of Defendant Shivparvti, individually and/or by and through its agents, servants, and/or employees – which led to the continuous sex trafficking of  Plaintiff S.Y. on the premises of the Sunrise Motel from approximately 2014 through approximately February of 2016 – Plaintiff S.Y. has suffered bodily injuries that are of a continuing or permanent nature, resulting pain and suffering, disability, disfigurement, mental anguish, PTSD, humiliation, distress, deformation, loss of capacity to enjoy life, loss of enjoyment of life, and expenses of medical treatment. All the losses are either permanent or continuing in their nature and the Plaintiff will suffer from such losses in the future.

## COUNT VI
## Aiding and Abetting, Harboring, Confining, Coercion and Criminal Enterprise

201.    Plaintiff S.Y. brings this claim against Defendant Shivparvti for aiding and abetting unlawful activity including unlawful confinement, imprisonment, assault and battery by her sex traffickers and "Johns."

202.    In support of her action against Defendant Shivparvti, Plaintiff S.Y. adopts and incorporates by reference paragraphs  1-128 contained in this Complaint as if fully set forth herein.

203.    The affirmative acts of Defendant Shivparvti in renting hotel rooms at the Sunrise Motel for extended amounts of time to the Plaintiff's sex traffickers for sex trafficking, and failing to report illegal conduct to the authorities caused the Plaintiff S.Y. to be routinely confined to and imprisoned in the hotel rooms and the hotel premises.

204.    The affirmative acts of Defendant Shivparvti in renting hotel rooms at the Sunrise Motel for extended amounts of time to the Plaintiff's sex traffickers for sex trafficking, and failing to report illegal conduct to the authorities caused the Plaintiff S.Y. to suffer assault and battery at the hands of her sex traffickers and "Johns."

205.    Defendant Shivparvti desired Plaintiff's continuous occupancy of the hotel rooms at the Sunrise Motel, and that of her sex traffickers and "Johns," because it generated revenue, even if said occupancy was related to suspicious or criminal activity.

206.    Defendant Shivparvti had knowledge, actual or constructive, that sexual trafficking victims, including the Plaintiff S.Y., were being confined and imprisoned and that they had no reasonable means of escape due to physical barricades of the Plaintiff's sex traffickers in the hallways, forced drug use and/or physical restraints.

207.    Defendant Shivparvti had actual and/or constructive knowledge the Plaintiff S.Y. was being assaulted and battered at the hands of her sex traffickers and "Johns."

208.    Defendant Shivparvti had knowledge, actual or constructive, that Plaintiff did not leave her rooms at the Sunrise Motel for extended periods of times, nor allow maintenance to come into her hotel rooms.

209.    By virtue of the agreement Defendant Shivparvti entered into with Plaintiff's sex traffickers to accept double the standard room rate in cash in exchange for permitting the sex trafficking of Plaintiff S.Y., Defendant Shivparvti had knowledge, actual or constructive, of Plaintiff's concealment, confinement and  assault and battery.

210.    Defendant Shivparvti provided substantial assistance to Plaintiff's sex traffickers and "Johns" in carrying out her imprisonment, confinement, assaults and batteries at the Sunrise Motel by allowing them to continuously use rooms there for sex trafficking, allowing "Johns" to find and visit the Plaintiff in her rooms at the Sunrise Motel, and turning a blind eye to the unlawful conduct taking place so that they could obtain revenue from the renting of the rooms at the Sunrise Motel.

211.    The knowledge of Defendant Shivparvti, along with its actions and inactions, allowed traffickers and "Johns" to make the Plaintiff S.Y. their sex slaves.

212.    Defendant Shivparvti facilitated or assisted the criminal enterprise by either willful blindness, gross negligence, and/or indifference.

213.    Accordingly, Defendant Shivparvti is liable for all foreseeable damages that arose from the Plaintiff S.Y.'s confinement, imprisonment, drug use, assault and battery that continually took place at the Sunrise Motel.

214.    As a direct and proximate result of the acts and omissions of Defendant Shivparvti individually and/or by and through its agents, servants, and/or employees – which led to the continuous sex trafficking of  Plaintiff S.Y. at the Sunrise Motel from approximately 2014 through approximately February of 2016 – Plaintiff S.Y. has suffered bodily injuries that are

of a continuing or permanent nature, resulting pain and suffering, disability, disfigurement, mental anguish, PTSD, humiliation, distress, deformation, loss of enjoyment of life, and expenses of medical treatment. All the losses are either permanent or continuing in their nature and the Plaintiff will suffer from such losses in the future.

215.      Due to all of the above allegations against Defendant Shivparvti regarding Plaintiff's unlawful sex trafficking at its hotel premises, Plaintiff pleads allowance to recover damages, court costs and reasonable attorney's fees.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff S.Y. demands judgment against Defendant Shivparvti as identified in each of the above-referenced claims and Counts and as follows:

1.      Awarding compensatory damages to the Plaintiff for past and future damages for the described losses with respect to each count, including but not limited to pain and suffering for severe and permanent personal injuries sustained by the Plaintiff, health care costs, medical monitoring, together with interest and costs as provided by law;

2.      For any other causes of action and/or claims as may be compensable under local laws and/or statutes as may apply under the laws in the jurisdiction and venue in which this case will be transferred for trial;

3.      Punitive and/or exemplary damages for the wanton, willful, fraudulent, reckless acts of the Defendant who demonstrated a complete disregard and reckless indifference for the safety and welfare of the general public and to the Plaintiff in an amount sufficient to punish the Defendant and deter future similar conduct;

4.      Awarding the Plaintiff reasonable attorney's fees;

5.      Awarding the Plaintiff the costs of these proceedings; and

6.      Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff S.Y. hereby demands a trial by jury.

Dated: August 19, 2020

s/ *Sharon M Hanlon*
Sharon M Hanlon, Esq
FL Bar Number: 946620
**Law Office of Sharon M. Hanlon, PA**
5633 Naples Boulevard
Naples, Florida 34109
Telephone: (239) 598-3222
shanlon@zelmanandhanlon.com
gcohen@zelmanandhanlon.com

s/ *Yale T Freeman*
Yale T. Freeman, Esq
FL Bar Number: 161855
**Yale T. Freeman, PA**
999 Vanderbilt Beach Road, Suite 200
Naples, FL 34108
Telephone: (239) 530-2500
ytfreeman@ytfreemanlaw.com

s/ *Brian J. Perkins*
Brian J. Perkins, Esq.
*To be Admitted Pro Hac Vice*
Virginia E. Anello, Esq.
*To be Admitted Pro Hac Vice*
Diana Yastrovskaya, Esq.
*To be Admitted Pro Hac Vice*
**Douglas and London, P.C.**
Attorney for Plaintiff
59 Maiden Lane, 6th Floor
New York, NY 10038
Telephone: (212) 566-7500
Fax: (212) 566-7501
bperkins@douglasandlondon.com
vanello@douglasandlondon.com
dyastrovskaya@douglasandlondon.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 19, 2020 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which I will send a notice of electronic filing to all counsel of record.

s/ ***Sharon M Hanlon***_____

Sharon M Hanlon, Esq