UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

S.Y.,

        Plaintiff,

v.                        Case No:  2:20-cv-118-JES-MRM

CHOICE HOTELS
INTERNATIONAL, INC. and
ROBERT VOCISANO,

        Defendants.
_____

S.Y.,

        Plaintiff,

v.                        Case No:  2:20-cv-602-FtM-29MRM

UOMINI & KUDAI, LLC,

        Defendant.
_____

S.Y.,

        Plaintiff,

v.                        Case No:  2:20-cv-603-FtM-29MRM

SEASONAL INVESTMENTS, INC.,

        Defendant.
_____

S.Y.,

        Plaintiff,

v.                        Case No:  2:20-cv-604-FtM-29MRM

HOLISTIC    HEALTH    HEALING,
INC.,

        Defendant.

_____

S.Y.,

        Plaintiff,

v.                              Case No:  2:20-cv-606-FtM-29MRM

JAY VARAHIMATA  INVESTMENTS,
LLC.,

        Defendant.

_____

S.Y.,

        Plaintiff,

v.                              Case No:  2:20-cv-607-FtM-29MRM

SHIVPARVTI, LLC,

        Defendant.

_____

S.Y.,

        Plaintiff,

v.                              Case No:  2:20-cv-608-FtM-29MRM

NAPLES   HOTEL   COMPANY   and
GULFCOAST   INN   OF   NAPLES
OWNERS ASSOCIATION, INC.,

        Defendants.

_____

S.Y.,

        Plaintiff,

v.                              Case No:  2:20-cv-609-FtM-29MRM

INN OF NAPLES HOTEL, LLC and
INN OF NAPLES, LLC,

            Defendants.
_____

S.Y.,

            Plaintiff,

v.                              Case No:  2:20-cv-610-FtM-29MRM

NAPLES GARDEN INN, LLC and
LAPORTA FLORIDA CENTER, LLC,

            Defendants.
_____

S.Y.,

            Plaintiff,

v.                              Case No:  2:20-cv-611-FtM-29MRM

SUNSTREAM HOTELS & RESORTS,
LLC and PARK SHORE RESORT
CONDOMINIUM       ASSOCATION,
INC.,

            Defendants.
_____

S.Y.,

            Plaintiff,

v.                              Case No:  2:20-cv-612-FtM-29MRM

SEA SHELL MANAGEMENT, LLC
and CLAYTON PLAZA, LLC,

            Defendants.
_____

```
S.Y.,

          Plaintiff,

v.                             Case No: 2:20-cv-616-FtM-29MRM

BEST WESTERN INTERNATIONAL,
INC., R&M REAL ESTATE CO INC
DBA  BEST  WESTERN  NAPLES
PLAZA  HOTEL,  and  ROBERT
VOCISANO,

          Defendants.
```
_____

```
S.Y.,

          Plaintiff,

v.                             Case No: 2:20-cv-619-FtM-29MRM

WYNDHAM  HOTELS  &  RESORTS,
INC.  and  LAXMI  OF  NAPLES,
LLC,

          Defendants.
```
_____

```
S.Y.,

          Plaintiff,

v.                             Case No: 2:20-cv-622-FtM-29MRM

CHOICE HOTELS INTERNATIONAL,
INC. and R & M REAL ESTATE
COMPANY, INC.,

          Defendants.
```
_____

```
S.Y.,

          Plaintiff,

v.                             Case No: 2:20-cv-624-FtM-29MRM
```

```
HOLIDAY          HOSPITALITY
FRANCHISING, LLC and NAPLES
CFC ENTERPRISES, LTD.,

          Defendants.
```

S.Y.,

      Plaintiff,

v.                              Case No: 2:20-cv-626-FtM-29MRM

```
WYNDHAM  HOTELS  &  RESORTS,
INC.,  HANUMAN  OF  NAPLES,
LLC,   SHREE   SIDDHIVINAYAK
HOSPITALITY,  LLC,  H.  I.
NAPLES,  LLC,  and  HOLIDAY
HOSPITALITY     FRANCHISING,
LLC,

          Defendants.
```

S.Y.,

      Plaintiff,

v.                              Case No: 2:20-cv-627-FtM-29MRM

```
MARRIOTT       INTERNATIONAL,
INC.,  RESIDENCE  INN  BY
MARRIOTT,   LLC,   CSM   RI
NAPLES,  LLC,  and  CSM
CORPORATION,

          Defendants.
```

S.Y.,

      Plaintiff,

v.                              Case No: 2:20-cv-628-FtM-29MRM

WYNDHAM HOTELS & RESORTS,
INC. and RIST PROPERTIES,
LLC,

      Defendants.

_____

C.S.,

      Plaintiff,

v.                          Case No: 2:20-cv-629-FtM-29MRM

INN OF NAPLES HOTEL, LLC and
INN OF NAPLES, LLC,

      Defendants.

_____

C.S.,

      Plaintiff,

v.                          Case No: 2:20-cv-630-FtM-29MRM

HOLISTIC HEALTH HEALING,
INC.,

      Defendant.

_____

C.S.,

      Plaintiff,

v.                          Case No: 2:20-cv-631-FtM-29MRM

NAPLES HOTEL COMPANY and THE
GULFCOAST INN OF NAPLES
OWNERS ASSOCIATION, INC.,

      Defendants.

_____

S.Y.,

Plaintiff,

v.                                    Case No:  2:20-cv-632-FtM-29MRM

WYNDHAM  HOTELS  &  RESORTS,
INC.,  LA  QUINTA  HOLDINGS,
INC.,  LA  QUINTA  PROPERTIES,
INC.,   COREPOINT   LODGING,
INC.,  CPLG  LLC,  and  LQ  FL
PROPERTIES, LLC, name change
CPLG FL Properties, LLC,

Defendants.

_____

S.Y.,

Plaintiff,

v.                                    Case No:  2:20-cv-633-FtM-29MRM

WYNDHAM  HOTELS  &  RESORTS,
INC.,  LA  QUINTA  HOLDINGS,
INC.,  LA  QUINTA  PROPERTIES,
INC.,   COREPOINT   LODGING,
INC.,  CPLG  LLC,  and  LQ  FL
PROPERTIES, LLC, name change
CPLG FL Properties, LLC.,

Defendants.

_____

C.S.,

Plaintiff,

v.                                    Case No:  2:20-cv-634-FtM-29MRM

WYNDHAM  HOTELS  &  RESORTS,
INC.  and  LAXMI  OF  NAPLES,
LLC,

Defendants.

_____

C.S.,

                    Plaintiff,

v.                                    Case No: 2:20-cv-635-FtM-29MRM

CHOICE HOTELS INTERNATIONAL,
INC. and ROBERT VOCISANO,

          Defendants.

_____

C.S.,

          Plaintiff,

v.                                    Case No: 2:20-cv-636-FtM-29MRM

WYNDHAM HOTELS & RESORTS,
INC., LA QUINTA HOLDINGS,
INC., LA QUINTA PROPERTIES,
INC., COREPOINT LODGING,
INC., CPLG LLC, and LQ FL
PROPERTIES, LLC,

          Defendants.

_____

C.S.,

          Plaintiff,

v.                                    Case No: 2:20-cv-637-FtM-29MRM

JAY VARAHIMATA INVESTMENTS,
LLC.,

          Defendant.

_____

C.S.,

          Plaintiff,

v.                                    Case No: 2:20-cv-638-FtM-29MRM

```
WYNDHAM HOTELS & RESORTS,
INC., LA QUINTA HOLDINGS,
INC., LA QUINTA PROPERTIES,
INC., COREPOINT LODGING,
INC., CPLG LLC, and LQ FL
PROPERTIES, LLC,

          Defendants.
```
_____

```
C.S.,

          Plaintiff,

v.                          Case No:  2:20-cv-639-FtM-29MRM

WYNDHAM HOTELS & RESORTS,
INC., HANUMAN OF NAPLES,
LLC, SHREE SIDDHIVINAYAK
HOSPITALITY, LLC, H. I.
NAPLES, LLC, and HOLIDAY
HOSPITALITY FRANCHISING,
LLC,

          Defendants.
```
_____

## OPINION AND ORDER

Plaintiff S.Y. filed a Motion to Proceed Anonymously and for Entry of a Protective Order in each of her cases.  The Magistrate Judge construed the motion to also apply to the companion cases filed by C.S.  The motion seeks (1) permission to proceed during pretrial under plaintiffs' actual initials instead of disclosing their full names in the public record, and (2) the entry of a protective order primarily aimed at regulating how defendants may share plaintiffs' "True Identity".  The Magistrate Judge filed a Report and Recommendation on June 11, 2021, recommending that the

Motion be granted in part and denied in part.  Defendants filed
Objections in all but one case (2:20-cv-624), and plaintiff filed
Responses to Objections.

For the reasons set forth below, the undersigned adopts the
Report and Recommendation in part, modifies it in part, and rejects
it in part.  The Motion is granted in part and denied in part.

## I.    Standard of Review

After conducting a careful and complete review of the findings
and recommendations, a district judge may accept, reject or modify
the magistrate judge's report and recommendation.  28 U.S.C. §
636(b)(1); United States v. Powell, 628 F.3d 1254, 1256 (11th Cir.
2010).  A district judge "shall make a *de novo* determination of
those portions of the report or specified proposed findings or
recommendations to which objection is made."  28 U.S.C. §
636(b)(1).  See also United States v. Farias-Gonzalez, 556 F.3d
1181, 1184 n.1 (11th Cir. 2009).  This requires that the district
judge "give fresh consideration to those issues to which specific
objection has been made by a party."  Jeffrey S. v. State Bd. of
Educ. of Ga., 896 F.2d 507, 512 (11th Cir. 1990) (quoting H.R.
1609, 94th Cong., § 2 (1976)).  The district judge reviews legal
conclusions *de novo*, even in the absence of an objection.  See
Cooper-Houston v. Southern Ry. Co., 37 F.3d 603, 604 (11th Cir.
1994).

## II.  Pretrial Pseudonymity

In the 29 cases pending in this court, S.Y. and C.S. allege they were each victims of sex trafficking at multiple local hotels and have sued the hotels (but not the traffickers) in connection with that sex trafficking.  The Magistrate Judge recommended that plaintiffs be allowed to proceed pseudonymously in the pretrial proceedings, i.e., by using their initials instead of their names. Some defendants do not oppose plaintiff's request, while others do.  (Report and Recommendation (R&R), p. 5.)

The Eleventh Circuit summarized the relevant legal principles in Doe v. Neverson:

> Federal Rule of Civil Procedure 10(a) requires that "every pleading" in federal court "must name all the parties." Fed. R. Civ. P. 10(a). Although this creates a "strong presumption in favor of parties proceeding in their own names . . . the rule is not absolute." [Plaintiff B v. Francis, 631 F.3d 1310, 1315 (11th Cir. 2011)]. A party may proceed anonymously by establishing "a substantial privacy right which outweighs the 'customary and constitutionally-embedded presumption of openness in judicial proceedings.'" Doe v. Frank, 951 F.2d 320, 323 (11th Cir. 1992) (quoting Doe v. Stegall, 653 F.2d 180, 186 (5th Cir. 1981)).
>
> Whether a party's right to privacy outweighs the presumption of openness is a "totality-of-the-circumstances question." In re Chiquita Brands Int'l Inc., 965 F.3d 1238, 1247 n.5 (11th Cir. July 16, 2020). We have said that the "first step" is to consider whether the party seeking anonymity "(1) is challenging government activity; (2) would be compelled, absent anonymity, to disclose information of the utmost intimacy; or (3) would be compelled, absent anonymity, to admit an intent to engage in illegal conduct and thus risk criminal

> prosecution." <u>Id.</u> at 1247. Along with these
> factors, a court "should carefully review *all*
> the circumstances of a given case and then decide
> whether the customary practice of disclosing the
> plaintiff's identity should yield to the
> plaintiff's privacy concerns." <u>Id.</u> (quoting
> <u>Francis</u>, 631 F.3d at 1316). For example, we have
> also considered "whether the plaintiffs were
> minors, whether they were threatened with
> violence or physical harm by proceeding in their
> own names, and whether their anonymity posed a
> unique threat of fundamental unfairness to the
> defendant." <u>Francis</u>, 631 F.3d at 1316 (citations
> omitted).

<u>Doe v. Neverson</u>, 820 F. App'x 984, 986–87 (11th Cir. 2020). <u>See</u>
<u>also</u> <u>In re Chiquita Brands Int'l, Inc.</u>, 965 F.3d 1238, 1246–48
(11th Cir. 2020). The Magistrate Judge concluded that each
plaintiff met her burden to proceed under a pseudonym "by
establishing that her privacy rights and fear of harm outweigh the
presumption of judicial openness." (R&R, p. 10.)

Given the allegations in the various Complaints, plaintiffs
will be called upon to disclose alleged experiences which are
sensitive, highly personal in nature, and involve the utmost
intimacy. The undersigned adopts the Magistrate Judge's finding
that the privacy factor weighs heavily in favor of allowing
plaintiffs to proceed using only their initials on court filings.
(<u>Id.</u>, p. 11.)

The undersigned also adopts the magistrate judge's finding
that plaintiffs have <u>not</u> established that the use of initials-only
will shield their involvement in the case from the alleged

- 12 -

traffickers.  (Id., pp. 11-12.)  The undersigned rejects, however, the recommended finding that the fear of retaliation from associates of the traffickers weighs in favor of the use of initials only.  While voicing personal fears, plaintiffs have made an insufficient showing of a risk of retaliation by alleged associates.

Finally, the undersigned agrees that there is little risk of prejudice to defendants from allowing the use of initials-only (id., pp. 13-15), and that the public's interest in open judicial proceedings does not outweigh the need for the use of initials-only filings (id. at 15-16).

While the undersigned weighs the circumstances in a somewhat different manner than did the Magistrate Judge, the undersigned finds that plaintiffs have met their burden of justifying proceeding by use of initials-only in the filings of all pretrial matters in these cases.  Additionally, all parties must redact plaintiffs' names from any filed pretrial document, and otherwise comply with the privacy requirements of Fed. R. Civ. P. 5.2(a)[1].

---

[1] Unless the court orders otherwise, in an electronic or paper filing with the court that contains an individual's social-security number, taxpayer-identification number, or birth date, the name of an individual known to be a minor, or a financial-account number, a party or nonparty making the filing may include only:

### III. Protective Order

**A.  The Report and Recommendation**

The Magistrate Judge found that plaintiffs had not shown good cause to enter the proposed protective order *as written*.  "Not only does Plaintiff propose restrictions that significantly hinder Defendants' abilities to investigate her claims, Plaintiff also appears to propose that she be permitted to proceed with her own investigation unrestricted by the limitations imposed on Defendants."  (R&R, p. 19.)  The undersigned agrees with and adopts the findings and conclusions of the Magistrate Judge as to the proposed protective order.  (Id., pp. 19-21.)  The request for entry of the proposed protective order is therefore denied.

The Magistrate Judge also found, however, that plaintiffs' fear of harm was reasonable and credible, and therefore good cause had been shown for a more limited protective order.  (Id., p. 21.) The Magistrate Judge then discussed six of the protective measures requested by plaintiffs, finding that: (1) plaintiffs had not shown

---

(1) the last four digits of the social-security number and taxpayer-identification number;

(2) the year of the individual's birth;

(3) the minor's initials; and

(4) the last four digits of the financial-account number.

Fed. R. Civ. P. 5.2(a).

good cause to prevent defendants from contacting the alleged
traffickers and disclosing True Identity information to her
alleged traffickers, but recommending that the Court pre-impose
certain limitations on such disclosures (id. at 23-28); (2)
plaintiffs had not shown good cause to require defendants to notify
or meet and confer with plaintiffs before contacting their alleged
traffickers (id. at 29-31); (3) plaintiffs had shown good cause to
require other fact witnesses to sign an agreement to be bound by
a protective order, and recommended procedures if there was a
refusal to sign (id. at 32-34); (4) plaintiffs had shown good cause
to keep her True Identity confidential until trial and after the
conclusion of the litigation but identified nine (9) exceptions
allowing disclosures of True Identity information (id. at 34-36);
(5) plaintiffs had not shown good cause to prevent defendants from
revealing their traffickers' identifying information on the public
docket (id. at 36-37); and (6) plaintiffs had shown good cause to
protect the True Identity of other alleged victims of sex
trafficking (id. at 37-38).  The parties were directed to submit
a revised and stipulated protective order containing identical
provisions for all 29 cases consistent with the Report and
Recommendation.

   **B. Defendants' Objections**

   The objections from the cases overlap and can be summarized
in four categories regarding the scope of the proposed protective

order: (1) that potential or actual fact witnesses are required to sign an agreement to be bound by the protective order before plaintiff's identity can be shared; (2) that disclosure of plaintiff's identity to alleged traffickers is limited to identifying information from the alleged trafficking period; (3) that a protective order extends protection to other victims of sex trafficking, whether known or unknown; and (4) that the exceptions to the requirement that plaintiff's True Identity be held confidential during and after the conclusion of litigation are too limited, and do not include law enforcement, parties, or insurers, and former employees or independent contractors of defendants.

**C. General Legal Principles Regarding Protective Order**

The general principle is easy to state: "A lawsuit is a public event.  Parties who ask a court to resolve a dispute must typically walk in the public eye."  <u>Chiquita Brands</u>, 965 F.3d at 1242.  Rule 26(c)(1), however, allows the Court "to issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" upon a finding of "good cause."  Fed. R. Civ. P. 26(c)(1).  "Good cause" generally means a sound basis or legitimate need to take judicial action, and requires a district court to consider, among other factors, "[1] the severity and the likelihood of the perceived harm; [2] the precision with which the order is drawn; [3] the availability of a less onerous alternative; and [4] the duration of the order," and the "balancing of

interests" of the parties.   <u>Chiquita Brands</u>, 965 F.3d at 1251
(citations omitted).

### D. Application of Principles

The Magistrate Judge recommends a protective order which is
more limited than the one sought by plaintiffs, but more expansive
than warranted in this case.   The undersigned finds that
plaintiffs have demonstrated a need for some discovery protections
during the pretrial phase of these proceedings but declines to
impose several of the proposed restrictions or to issue a
protective order.

First, the undersigned agrees with the Magistrate Judge's
findings that plaintiffs have not shown good cause to prevent
defendants from contacting the alleged traffickers altogether.
(R&R, pp. 26-27.)   As noted by the Magistrate Judge,
"[s]pecifically, by engaging in a national media campaign, in which
Plaintiff supplied her initials, the names of her traffickers, and
the existence of this litigation, her alleged traffickers have
likely already been made aware of the litigation."   (<u>Id.</u>, p. 24.)

The undersigned agrees with the Magistrate Judge that
plaintiff has not shown good cause "for a protective measure that
threatens to infringe upon or violate the work product protection."
(<u>Id.</u>, p. 31.)   The undersigned additionally finds that the
restriction of requiring defendants to notify or meet and confer

with plaintiffs before contacting the alleged traffickers is not
necessary.  (Id.)  As noted by the Magistrate Judge,

> Rather, the Undersigned finds that Plaintiff
> should be taking "precautions in her daily
> life" given that Plaintiff filed this lawsuit,
> initially named her traffickers as Defendants
> on the public docket, and brought national
> media attention to her claims. Moreover,
> Plaintiff and her former co-Plaintiff must
> have recognized that, as a result of bringing
> twenty-nine similar cases against multiple
> Defendant hotels, her traffickers would be
> contacted by each Defendant many times over
> the course of each action.

(Id., p. 30.)

The undersigned also agrees with the Magistrate Judge that
plaintiff has not demonstrated good cause to prevent defendants
from revealing the traffickers' identifying information on the
public docket.  (Id., p. 36.)

The Magistrate Judge found plaintiffs had shown good cause
to: (1) require other fact witnesses to sign an agreement to be
bound by a protective order, and recommended procedures if there
was a refusal to sign (id. at 32-34); (2) keep plaintiffs' True
Identity confidential until trial and after the conclusion of the
litigation but identified nine (9) exceptions allowing disclosures
of True Identity information (id. at 34-36); and (3) protect the
True Identity of other alleged victims of sex trafficking (id. at
37-38).  The Court addresses each area.

**(1)  Fact Witnesses**

The Magistrate recommended:

> requiring the parties to include a provision
> in their proposed protective order that would
> require potential, anticipated, or actual fact
> witnesses to review the protective order and
> sign a written agreement to be bound by the
> protective order, subject to any Defendant's
> ability to file an *ex parte* motion upon a
> showing of good cause seeking the Court's
> approval to disclose Plaintiff's identifying
> information to potential, anticipated, or
> actual fact witnesses who refuse to sign the
> agreement.

(Doc. #55, pp. 33-34.)  Defendants object to this recommendation.
An example presented by defendants is a situation where an
acquaintance or family member of plaintiff would need to sign an
agreement prohibiting them from ever revealing information related
to plaintiff's identity, thus making it impracticable and likely
to deter witnesses.  (Case No. 608, Doc. #49, p. 8.)  Another
defendant points out that "a potential witness would be asked to
agree to be bound by a Court order without knowing what information
he or she was agreeing to maintain confidential or even whether he
or she had knowledge of information that should be maintained as
confidential."  (Case No. 627, Doc. #77, p. 6.)  Another defendant
suggests that it would be appropriate for disclosure to be the
same as the information they may disclose to traffickers without
an agreement.  (Case No. 612, Doc. #45, p. 4.)

The Court concludes that requiring the written agreement of potential witnesses before *any* disclosures can be made would significantly hamper defendants' ability to investigate.   The Court declines to adopt the recommendation to require a blanket written agreement before disclosures are made.   Defendants are of course bound by the restrictions detailed in this Opinion and Order.

**(2)   True Identity**

The Court does not find good cause to preclude disclosure of *all* the information included in the definition of "True Identity." The Magistrate Judge recommended the following:

> The Undersigned recommends that this identifying information be strictly limited to any names, aliases, pictures, or images used by or depicting Plaintiff or her likeness during the relevant time period (*i.e.*, the time that Plaintiff alleges she was trafficked from 2013 through 2016). Defendants should not be permitted to reveal to the traffickers Plaintiff's Social Security number, her date of birth, any names, aliases, pictures, or images used by or depicting Plaintiff or her likeness outside of the relevant time period, her contact information (including her addresses, phone numbers, email addresses, employers, schools) used at any time, her family members' names, or any other identifying information falling within her True Identity, as that term is used here. Defendants should also not be permitted to reveal to the traffickers any information as to whether Plaintiff has moved to a different state or changed her name.

(R&R, p. 28.)  The chief complaint of defendants is the inability to verify whether photographs or descriptions of plaintiff are from the alleged trafficking period, as plaintiff has not provided anything responsive to the request for such photographs. Revealing some basic information, it is argued, such as pictures or aliases from the time period before the alleged trafficking period would not necessarily endanger plaintiff's current name or location.

Without prior approval of the Court, pursuant to Rule 5.2(a), defendants may not disclose on the docket more than the last four digits of any social security number, financial-account number, or taxpayer-identification number, or the year of an individual's birth.  The Court will impose these same restrictions in the context of the discovery.  In addition to these restrictions, the undersigned agrees that the current location of plaintiffs or their families must also *not* be disclosed.  The Court finds that revelations regarding a plaintiff or likeness of a plaintiff need not be limited to the "relevant time period" but may include information prior to the "relevant time period."  However, no disclosures should reveal plaintiffs' and family members' current location (including her addresses, phone numbers, email addresses, employers, schools), or current name.

The Magistrate Judge recommended limiting the revelation of plaintiff's "true identity" to nine categories.  The Court agrees

to the need to restrict disclosure of plaintiff's "true identity" to only certain individuals, but expands the individuals to include the parties themselves, law enforcement agencies, those released by plaintiffs under HIPAA, insurers, and investigators and experts retained by counsel for defendants.

> **(3)   Other Victims**

The Magistrate Judge found good cause to protect the identities of any other victims of trafficking through a protective order.  "During this litigation the parties will likely discover or reveal sensitive personal information regarding third parties who have endured experiences similar to Plaintiff's experience." (R&R, p. 37.)  Defendants' argument is that "No alleged victims of sex trafficking—other than Plaintiff and her former co-plaintiff, C.S.—have been identified, and it is therefore unworkable for the parties to attempt to protect the privacy interests of unknown individuals who are not parties to this proceeding and whose identities have not been disclosed."  (Case No. 612, Doc. #45, p. 5.)  The Court finds that application of the restrictions that apply to plaintiff and fact witnesses can be applied to other known or unknown victims.

After a careful and complete review of the findings and recommendations, as well as the record in this case, the Court adopts in part the Report and Recommendation of the magistrate judge.  Objections are sustained to the extent provided above.

Accordingly, it is now

**ORDERED:**

1. The Report and Recommendation is hereby **adopted in part.**

2. Defendants' Objections are **sustained** as noted.

3. Plaintiff C.S. and S.Y.'s individual Motions to Proceed Anonymously and for Entry of a Protective Order is **granted** as to the motion to proceed anonymously, and plaintiffs may proceed under their initials only for all public filings during pretrial proceedings.  A motion will be required to proceed as such for trial.  The motion for entry of a protective order is **denied** as proposed.

4. In sum, defendants may contact the alleged traffickers and may do so without the requirement to notify or meet and confer with plaintiffs or counsel beforehand. Defendants may also reveal the traffickers' identifying information on the public docket, as limited by Rule 5.2.  Defendants may reveal limited information from before and including the "relevant time period" regarding plaintiffs.  However, no disclosures should reveal plaintiffs' or their family members' or other potential victims' current location (including her addresses, phone numbers, email addresses, employers, schools), current name or alias, or current appearance.   The limited categories for revealing plaintiffs' True Identity are expanded to encompass the

parties themselves, law enforcement agencies, those released by plaintiffs under HIPAA, insurers, former employees, and experts and investigators retained by counsel for defendants.

**DONE and ORDERED** at Fort Myers, Florida, this ___14th___ day of September 2021.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
All Parties of Record